UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Stanley Fuller, | ) | C/A: 7:17-1692-MGL-KFM |
| Plaintiff, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION FOR PARTIAL SUMMARY DISMISSAL** |
| Exel Logistics, Ashley Emde, Arthur Hughes, Dave Brinager, Sarah Olnufe, | ) | |
| Defendants. | ) | |

The plaintiff, proceeding *pro se*, brings this civil action alleging unlawful employment discrimination. He files this action *in forma pauperis* under 28 U.S.C. § 1915. After a review of the complaint, attachments, and applicable law, this Court recommends that Defendants Ashley Emde, Arthur Hughes, Dave Brinager, and Sarah Olnufe should be summarily dismissed from this action.

## BACKGROUND

The plaintiff states that he brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17 ("Title VII"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634 ("the ADEA") (doc. 1 at 3). He further states that his employment has been terminated, he was not promoted, and he was subject to unequal terms and conditions of employment and retaliation; he alleges that the mistreatment is ongoing (*id*. at 4). He contends that he has been discriminated against on the basis of his race, color, gender, religion, and age (*id*. at 5). The plaintiff states that he

filed a charge with the Equal Employment Opportunity Commission ("EEOC") and received a right to sue letter on March 27, 2017, which he attached to the complaint (*id*.; doc. 1-2).

In his complaint, the plaintiff alleges that he "was terminated for filing [a] complaint with upper m[anagement] about the unfair practices that were occurring at the workplace—[he] was denied a promotion, denied a chance for an interview" (doc. 1 at 5). In his charge of discrimination filed with the EEOC, the plaintiff states that he was denied a promotion from Shipping Clerk to Shipping Supervisor in July 2015 (doc. 1-1). He contends that a less experienced white employee was promoted while the plaintiff was not granted an interview (*id*.). He asserts that he complained to the regional human resources manager; after he complained, he was subject to intimidation until he was terminated on October 21, 2015 (*id*.). The plaintiff alleges that he was also denied a transfer in favor of a white female employee in August 2015 (*id*.). The plaintiff seeks back pay, punitive damages, and compensation (doc. 1 at 6).

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review the complaint for relief and submit findings and recommendations to the District Court. The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). However, even under this less stringent standard, a portion of the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

Defendants Ashley Emde, Arthur Hughes, Dave Brinager, and Sarah Olnufe should be dismissed from this action because the plaintiff fails to state a claim against them on which relief may be granted. The law does not permit the plaintiff to bring a federal employment discrimination action against them because they were not the employer. Any Title VII or ADEA claims against the individual defendants under the circumstances of this case are precluded by decisions of the United States Court of Appeals for the Fourth Circuit holding that those statutes do not provide for individual

3

liability. *See Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180 (4th Cir. 1998) (Title VII); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510–11 (4th Cir. 1994) (ADEA). Therefore, the plaintiff fails to state a plausible claim against Defendants Ashley Emde, Arthur Hughes, Dave Brinager, and Sarah Olnufe and they should be dismissed from this action.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss Defendants Ashley Emde, Arthur Hughes, Dave Brinager, and Sarah Olnufe from this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). This action remains pending against the remaining Exel Logistics. **The plaintiff's attention is directed to the important notice on the next page.**

s/ Kevin F. McDonald
United States Magistrate Judge

August 7, 2017
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).