IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Stanley Fuller, | ) | CA No. 7:17-cv-1692-AMQ-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| Exel Logistics, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation (the "Report") of United States Magistrate Judge Kevin F. McDonald (ECF No. 49) recommending that the Motion for Summary Judgment filed by Defendant Exel Logistics ("Defendant") be granted in part and denied in part. (ECF No. 40) This case was referred to the Magistrate Judge for pretrial handling in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). After carefully reviewing the Report, the Objection filed by Defendant (ECF No. 52), the Reply filed by Defendant (ECF No. 58) and the submissions filed by Plaintiff (ECF Nos. 57 and 60) the Court determines that the Magistrate Judge's recommended disposition is correct and the Report is adopted and incorporated herein by reference to the extent it is consistent with this Order.

## I. BACKGROUND AND PROCEDURAL HISTORY

On December 22, 2015, Stanley Fuller ("Plaintiff") filed a charge of discrimination against Defendant with the South Carolina Human Affairs Commission, alleging discrimination based upon race, sex and retaliation. (ECF No. 1-1) In the charge, Plaintiff alleged that he was denied a promotion on July 1, 2015, and a less experienced white employee received the promotion. *Id*. Plaintiff further alleged that he complained to a human resources manager and was subjected to criticism and threats to his employment. *Id*. Plaintiff further alleged that he was denied a transfer

1

to a position on August 1, 2015, and a white female received the position. *Id*. Plaintiff further alleged that he was discharged from employment on October 21, 2015, in retaliation for his complaints. *Id*.

On March 27, 2017, the Equal Employment Opportunity Commission ("EEOC") mailed a dismissal and notice of rights (the "Notice") from the Charlotte District Office to Plaintiff's address in Spartanburg, South Carolina. (ECF No. 1-2) On June 27, 2017, ninety-one days after the EEOC notice was mailed, Plaintiff filed a *pro se* Complaint alleging discrimination and retaliation based on race, color, gender and religion under Title VII of the Civil Rights Act of 1964, as amended, and discrimination and retaliation based on age under the Age Discrimination in Employment Act ("ADEA"). (ECF No. 1) In response to questions about exhaustion of federal administrative remedies on the employment discrimination complaint form, Plaintiff checked the box indicating that the EEOC "issued a Notice of Right to Sue letter, which I received on (*date*) 03/27/2017." *Id.* at 5.

On December 6, 2017, Defendant, Plaintiff's former employer, filed a Motion for Summary Judgment. (ECF No. 40) Plaintiff filed a Response in Opposition on December 27, 2017. (ECF No. 45) Defendant filed a Reply on January 2, 2018. (ECF No. 47) On March 16, 2018, Magistrate Judge issued the Report, recommending that the Court deny the Motion for Summary Judgment as to Plaintiff's claims for discrimination based upon race, sex and retaliation and recommending that the Court grant the Motion as to Plaintiff's claims for discrimination based upon age, color and religion. (ECF No. 49) On March 30, 2018, Defendant filed an Objection to the Report. (ECF No. 52) On April 4, 2018, Plaintiff filed correspondence related to the Motion. (ECF No. 57)  On April 10, 2018, Defendant filed a Reply in further support of its Objection to

the Report. (ECF No. 58) On April 20, 2018, Plaintiff filed an additional correspondence related to Defendant's Motion.[1] (ECF No. 60)

## II. STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court may accept, reject, or modify, in whole or in part, the report or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). Parties are allowed to make a written objection to a Magistrate Judge's report within fourteen (14) days after being served a copy of the Report. 28 U.S.C. § 636(b)(1). The Court is charged with making a *de novo* determination of any portions of the report to which a specific objection is made. The Court may accept, reject or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b)(1).

Turning to the standard of review, the Court finds that Magistrate Judge properly set forth the standard of review for summary judgment under Federal Rule of Civil Procedure 56. A court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). However, the judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the

---

[1] Plaintiff's submissions at ECF No. 57 and No. 60 are in the form of correspondence rather than pleadings. Any deficiencies in these submissions are not material to the Court's Order and Opinion

party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). Thus, at the summary judgment phase, "[t]he pertinent inquiry is whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, No. 17-1503, 2018 WL 1916320, at *3 (4th Cir. Apr. 24, 2018) (internal citation and quotation marks omitted).

### III. DISCUSSION

**A. Timeliness of Complaint**

The Magistrate Judge found that Defendant's motion for summary judgment based upon the timeliness of Plaintiff's Complaint should be denied. (ECF No. 49, at 6) The Magistrate Judge recited the applicable provisions of Title VII and the ADEA, which provide that once a charge is dismissed by the EEOC, a plaintiff must file a lawsuit within ninety days after receipt of notice of the dismissal. 2 U.S.C.§ 2000e-5(f)(1); 29 U.S.C. § 626(e) The Magistrate Judge also reviewed prior holdings in this district, which provide that pro se litigants are not exempt from the ninety-day requirement. (ECF No. 49, at 5) (citing *Anderson v. Greenville Health Sys.*, C.A. No. 6:16-01051-MGL, 2016 WL 6405751, at *2 (D.S.C. Oct. 31, 2016)). The Magistrate Judge noted that the Notice provides that the EEOC mailed the Notice on the same day that the Plaintiff alleged in his Complaint that he received the notice. (ECF No. 49 at 5) The Magistrate Judge reasoned that it was highly unlikely that Plaintiff actually received the Notice on the same date that it was mailed. Thus, the Magistrate Judge concluded that the exact date of receipt is unknown or disputed. *Id*. at 6 (citing *Dunbar v. Food Lion*, 542 F.Supp.2d 448, 450-51 (D.S.C.2008)). See also *Ish v. Arlington Cty. Va.*, C.A. No. 90-2433, 1990 WL 180127, at *2 (4th Cir. Nov. 21, 1990) (holding that, if the

4

date of receipt of the right to sue notice is unknown or disputed, the ninety-day period begins to run three days after the mailing date). Applying a three-day presumption applicable when the date of receipt is unknown or disputed, the Magistrate Judge concluded that Plaintiff filed his complaint within the prescribed ninety-day period. (ECF No. 49, at 6)

In its Objection to the Report, Defendant argues that the three-day presumption is inapplicable because Plaintiff's receipt of the Notice is known. (ECF No. 52, at 2) Defendant argues that, even assuming that the notice was mailed on March 27, 2017, it was improper for the Magistrate Judge to reject Plaintiff's admission that he received the Notice on the same day. Defendant further contends it is possible mail to reach its recipient on the same day it is sent. *Id.* 3. Defendant argues that Plaintiff has failed to provide any evidence to counter the admission in his Complaint that he received the Notice on March 27, 2017. *Id.* In sum, Defendant argues that the Magistrate Judge lacked a valid basis for applying a three-day presumption.

This Court agrees that based on the face of the Complaint, the suit was filed ninety-one days after Plaintiff received the Notice. (ECF No. 1 at 5) Plaintiff filed the Complaint on June 27, 2017, alleging that he received the notice on March 27, 2017. *Id.* However, the Notice unambiguously indicates that it was issued and mailed from Charlotte, North Carolina to Plaintiff's residence in Spartanburg, South Carolina on March 27, 2017. (ECF No. 1-1) In the "pleading" that Plaintiff filed in response to Defendant's Motion for Summary Judgment, he claims he filed within ninety days and did not miss the deadline. (ECF No. 45, at 1). However, Plaintiff offers no evidence beyond those comments. Thus, the issue before the Court is whether to strictly hold a *pro se* plaintiff to an alleged admission in his complaint when that alleged admission seems errant from a standpoint of common sense.

The United States Supreme Court has held that courts should strictly enforce the ninety-day requirement. *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984). This Court has reviewed Supreme Court's opinion to determine whether it requires the Court to overrule the Magistrate Judge and adopt the position advocated by Defendant. In *Baldwin County*, there was no dispute of fact or question that the plaintiff failed to meet the ninety-day deadline despite two warnings from the Magistrate Judge. *Id.* at 148-149. Further, the plaintiff did not file any document or pleading with the court apart from the EEOC notice. *Id.* at 148. Here, there is a dispute as to the exact date that Plaintiff received the Notice. The Court also notes that Plaintiff has filed multiple pleadings with the Court. Further, unlike the plaintiff in *Baldwin County*, Plaintiff has not received any warnings from the Magistrate Judge reminding him of the necessity of filing a complaint within ninety days. Therefore, this Court respectfully concludes that *Baldwin County* does not control the direct issue before this Court. Further, this Court has not found a Supreme Court or Fourth Circuit case directly on point and none was cited by either the Magistrate Judge or the parties.

Turning now to the record in this case, the Court finds that there is a question of fact about whether Plaintiff filed within the ninety days of receipt of the Notice. While it may be possible that he in fact received the Notice on the same day it was mailed, it is highly unlikely. It is far more probable that Plaintiff simply inserted the March 27, 2017 date the EEOC provided for mailing the Notice into the block for the date the Notice was received.

Of course, the Court could hold that Plaintiff is strictly bound to the admissions in his Complaint as asserted by Defendant. However, this Court believes that, in this instance leniency should be afforded to Plaintiff as a *pro se* litigant. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("Courts are obligated to 'liberally construe' *pro se* complaints") (internal citation omitted); *Estelle*

6

*v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] pro se complaint must be held to 'less stringent standards than formal pleadings drafted by lawyers') (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978) ("liberal construction of pleadings is particularly appropriate where... there is a [p]ro se complaint raising civil rights issues"); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) ("[T]he Court… will not permit technical pleading requirements to defeat the vindication of any constitutional rights which the [pro se] plaintiff alleges"). Accordingly, the Court does not believe that Plaintiff's indication in the form complaint that he received the Notice on March 27, 2017 merits summary judgment in Defendant's favor. Therefore, Defendant's objection regarding the timeliness of Plaintiff's Complaint is overruled and its Motion for Summary Judgment on this basis is denied.

This Court also agrees with the Magistrate Judge's application of a presumption of receipt three days after the mailing date. *Ish v. Arlington Cty. Va.*, C.A. No. 90-2433, 1990 WL 180127, at *2 (4th Cir. Nov. 21, 1990) (holding that, if the date of receipt of the right to sue notice is unknown or disputed, the ninety-day period begins to run three days after the mailing date). Evidence in the record and common sense raise a question of fact over the exact date that Plaintiff received the Notice. For this additional reason, the Court declines to enter summary judgment in favor of the Defendant.

**B. Failure to Exhaust Administrative Remedies**

The Magistrate Judge found that Plaintiff's age, color and religion claims have not been administratively exhausted, and that this Court lacks subject jurisdiction over those claims. (ECF No. 49 at 3-4) In the Report, the Magistrate Judge noted that Plaintiff checked the box for race discrimination, but did not check the boxes for age, color or religion on the EEOC charge. *Id.* The Magistrate Judge found that Plaintiff did not allege any facts on the EEOC charge that could

7

reasonably be construed as allegations of discrimination based upon age, color or religion. *Id*. at 3. After comparing the EEOC charge to the Complaint, the Magistrate Judge concluded that the claims of discrimination in the Complaint based on age, color and religion are procedurally barred because they exceed the scope of the claims on the EEOC charge. *Id.*

The Court notes that Plaintiff did not object to the Magistrate Judge's Report regarding his failure to exhaust his administrative remedies as to his claims for discrimination on the basis of age, color and religion. The Court does not see any error in those aspects of the Report. However, the Court notes that while Plaintiff did not check the box for "color" in the EEOC charge, he did check the "race" box. Out of an abundance of caution, the Court is compelled to point out that the summary judgment entered in favor of Defendant on discrimination based on color should not be construed as a finding that Plaintiff cannot pursue his race discrimination claim. Regardless of the likelihood of success on the underlying merits, Plaintiff's claim for race discrimination is not procedurally barred on the grounds that he failed to exhaust his administrative remedies.

## IV. CONCLUSION

The Court has carefully reviewed the Defendant's Objections and has conducted the required *de novo* review. After considering the record, this Court determines that the Magistrate Judge's recommended disposition is correct and the Report is adopted and incorporated herein by reference to the extent it is consistent with this Opinion and Order. Therefore, it is ORDERED that Defendants' Motion for Summary Judgment (ECF No. 49) is DENIED as to Plaintiff's claims for discrimination based upon race, sex and retaliation in violation of Title VII, and GRANTED as to Plaintiff's claims for age discrimination in violation of the ADEA and for color and religion discrimination in violation of Title VII. Accordingly, Plaintiff's claims for age discrimination in

8

violation of the ADEA and for color and religion discrimination in violation of Title VII are dismissed with prejudice.

    IT IS SO ORDERED.

                                                          /s/ A. Marvin Quattlebaum, Jr.
                                                          United States District Judge

August 16, 2018
Spartanburg, South Carolina